IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. MICHAEL SARGENT

**Appeal from the Criminal Court for Shelby County**
**No. 12-01266        Paula L. Skahan, Judge**

_____

### No. W2018-00517-CCA-R3-CD

_____

The Appellant, Michael Sargent, is appealing the trial court's denial of his motion to correct an illegal sentence. The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ. joined.

Robert Golder, Memphis, Tennessee, for the Appellant, Michael Sargent.

Herbert H. Slatery III, Attorney General and Reporter; and Renee W. Turner, Senior Assistant Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

In November 2012, the Appellant pled guilty to one count each of attempted second degree murder, reckless endangerment, possession of a firearm during the commission of a felony and possession of a firearm by a convicted felon. The Appellant received an effective eleven-year sentence. In April 2017, the Appellant filed a motion to correct an illegal sentence. *See* Tenn. R. Crim. P. 36.1. The trial court appointed counsel who subsequently filed an amended motion. The trial court ultimately denied relief. The Appellant now appeals. Following the filing of the record on appeal and the Appellant's brief, the State filed a motion to affirm the ruling of the trial court pursuant to Rule 20. For the reasons stated below, said motion is hereby granted.

The Appellant argues his sentence is illegal because of an alleged double jeopardy violation and because the indictment charging him with possession of a firearm during the commission of a felony is flawed. Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our Supreme Court has interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). That court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.* A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2).

The Appellant's challenges do not state a colorable claim for relief pursuant to Rule 36.1. *See State v. Carl Hall*, No. W2016-00915-CCA-R3-CD, 2017 WL 1093991 at *2 (Tenn. Crim. App. Mar. 22, 2017) (Rule 36.1 not proper vehicle for double jeopardy or defective indictment challenges). As this Court has emphasized, Rule 36.1 "provide[s] an avenue for correcting allegedly illegal *sentences*. The Rules does *not* provide an avenue for seeking the reversal of *convictions*." *State v. Jimmy Wayne Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622 (Tenn. Crim. App., Mar. 31, 2014) (emphasis in original).

In light of the discussion above, we conclude the trial court did not err in summarily denying the Appellant's Rule 36.1 motion. The ruling of the trial court is therefore affirmed pursuant to Court of Criminal Appeals Rule 20.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE